UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EVERETT W. COX III and NAN PING PENG, the natural parents of Nan Ping RAPHAEL COX, on behalf of their minor son and their own behalf,

                                      Plaintiffs,      **ELECTRONICALLY FILED**

-against-                                      Civil Case No.: 07 CIV 10682
                                                                                                   **BRIEANT**

WARWICK VALLEY CENTRAL SCHOOL DISTRICT, FRANK GREENHALL, SUPERINTENDENT OF SCHOOLS, DEBRA GIRARDI, SCHOOL PSYCHOLOGIST and JOHN J. KOLESAR, JR., PRINCIPAL, WARWICK MIDDLE SCHOOL,

                                        Defendants.

---

## ANSWER

As and for their Answer to Plaintiffs' undated Complaint in the above-captioned action, Defendants, Warwick Valley Central School District, Dr. Frank Greenhall, Dr. Debra Girardi and John J. Kolesar, Jr. (hereinafter "Defendants"), by and through their counsel, Girvin & Ferlazzo, P.C., respond as follows:

1.      Admit upon information and belief the allegations contained in paragraph "1" of the Complaint herein.

2.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Complaint herein.

3.      Admit upon information and belief the allegations contained in paragraph "3" of the Complaint herein.

1

4. Admit the allegations contained in paragraph "4" of the Complaint herein.

5. As to the allegations contained in paragraph "5" of the Complaint herein: refer all questions of law to the Court; and deny all factual allegations, statements, and inferences contained therein.

6. As to the allegations contained in paragraph "6" of the Complaint herein: admit that Dr. Greenhall is the Superintendent of Schools of the Warwick Valley Central School District (hereinafter "WVCSD"); acknowledge that Plaintiffs purport to sue Defendant Greenhall in his official and individual capacities; and deny all remaining allegations, statements, and inferences contained therein.

7. As to the allegations contained in paragraph "7" of the Complaint herein: admit that Dr. Girardi is a School Psychologist employed by the WVCSD; acknowledge that Plaintiffs purport to sue Dr. Girardi in her individual capacity; and deny all remaining allegations, statements, and inferences contained therein.

8. As to the allegations contained in paragraph "8" of the Complaint herein: admit that Mr. Kolesar is the Middle School Principal of the WVCSD; acknowledge that Plaintiffs purport to sue Mr. Kolesar in his individual capacity; and deny all remaining allegations, statements, and inferences contained therein.

9. As to the allegations contained in paragraph "9" of the Complaint herein: acknowledge that Plaintiffs purport to invoke this Court's jurisdiction; refer all questions of law therein to the Court; and deny all remaining allegations, statements, and inferences contained therein.

10. Admit the allegations contained in paragraph "10" of the Complaint herein.

11. As to the allegations contained in paragraph "11" of the Complaint herein: admit that the Plaintiff Raphael Cox attended grades six, seven and eight at WVCSD; admit that Raphael Cox had a disciplinary history prior to entering eighth grade; and deny all remaining allegations, statements, and inferences contained therein.

12. As to the allegations contained in paragraph "12" of the Complaint herein: admit that Raphael Cox was involved in an altercation with another student in October 2006; admit that Plaintiff Peng communicated to WVCSD Administrators about the altercation, which communication included, *inter alia,* references and/or threats about Raphael Cox retaliating and obtaining a weapon; and deny all remaining allegations, statements, and inferences contained therein.

13. As to the allegations contained in paragraph "13" of the Complaint herein: admit that in response to the October 2006 incident and threatening and weapon-related comments which Ms. Peng attributed to Raphael Cox, School Administrators lawfully accessed and searched the school locker assigned to Raphael Cox; and deny all remaining allegations, statements, and inferences contained therein.

Defendants note that following the lawful October 2006 search of the school locker assigned to Raphael Cox, he produced the contents of his bookbag that was located in the school locker, which bookbag contained, *inter alia,* explosive devices, a lighter, and alcohol.

14. As to the allegations contained in paragraph "14" of the Complaint herein: admit that upon information and belief, Raphael Cox's English teacher assigned, among other things, writing assignments; and deny all remaining allegations, statements, and inferences contained therein.

15. As to the allegations contained in paragraph "15" of the Complaint herein: refer the Court to the written work of Raphael Cox for the true and complete content thereof; and deny all remaining allegations, statements, and inferences contained therein.

16. As to the allegations contained in paragraph "16" of the Complaint herein: admit that Mr. Kolesar and Dr. Girardi met with Plaintiffs on February 8, 2007 to discuss their concerns about Raphael Cox, the safety of all District students, and the perceived need to have a professional evaluation of Raphael Cox performed; admit that during the February 8, 2007 meeting, among other things, the content and implications of Raphael Cox's writings, specifically the references to "semi-machine gun," "misiles" (sic) and destruction of "a whole town" were discussed; and deny all remaining allegations, statements, and inferences contained therein.

17. As to the allegations contained in paragraph "17" of the Complaint herein: admit that during the February 8, 2007 meeting, WVCSD personnel showed Plaintiffs the metal spike Raphael Cox possessed in a WVCSD classroom and the rusted metal blade-like object which he kept in his school locker; and deny all remaining allegations, statements, and inferences contained therein.

18. As to the allegations contained in paragraph "18" of the Complaint herein: admit that promptly after Mr. Kolesar came into possession of the metal spike which Raphael Cox had in a classroom and the rusted metal blade-like object which Raphael Cox kept in the school locker, he asked the Resource Officer at the Middle School if he could assist in identifying such objects; and deny all remaining allegations, statements, and inferences contained therein.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint herein.

20. As to the allegations contained in paragraph "20" of the Complaint herein: admit that a faculty member expressed concern regarding certain comments made by Raphael Cox about blowing up items... around CVS; and deny all remaining allegations, statements, and inferences contained therein.

21. As to the allegations contained in paragraph "21" of the Complaint herein: admit that Mr. Kolesar discussed the alleged comments about "blowing up" items at the CVS store with Raphael Cox; and deny all remaining allegations, statements and inferences contained therein.

22. As to the allegations contained in paragraph "22" of the Complaint herein: admit that Dr. Greenhall was advised of the presence of metal pieces in Raphael Cox's possession; and deny all remaining allegations, statements, and inferences contained therein.

23. As to the allegations contained in paragraph "23" of the Complaint herein: admit that at the meeting held on February 8, 2007 discussions were had concerning Raphael's behavior; admit that Dr. Girardi and Mr. Kolesar repeatedly recommended a psychological and/or psychiatric evaluation be completed to evaluate Raphael Cox's condition and protect Raphael Cox and other District students; and deny all remaining allegations, statements, and inferences contained therein.

24. As to the allegations contained in paragraph "24" of the Complaint herein: admit that Raphael Cox's behavioral history was discussed during the February 8, 2007 meeting, including, but not limited to, Raphael Cox's possession of alcohol, a lighter and explosive devices which District officials promptly confiscated in October 2006; and deny all remaining allegations, statements, and inferences contained therein.

25. As to the allegations contained in paragraph "25" of the Complaint herein: admit that the WVCSD Science Teacher assigned to Raphael Cox's class did not report personally

5

observing any misconduct or policy violations; and deny all remaining allegations, statements, and inferences contained therein.

26. As to the allegations contained in paragraph "26" of the Complaint herein: admit that by the conclusion of the February 8, 2007 meeting, Plaintiffs agreed to promptly have a professional mental health evaluation of Raphael Cox completed and report back to Dr. Girardi and Mr. Kolesar; and deny all remaining allegations, statements, and inferences contained therein.

Defendants note that despite communications from Dr. Girardi and Mr. Kolesar, Plaintiffs failed and/or refused to produce a comprehensive evaluation report to any Defendant.

27. As to the allegations contained in paragraph "27" of the Complaint herein: admit that following the February 8, 2007 meeting, Dr. Girardi and Mr. Kolesar repeatedly communicated with Plaintiffs about the need to obtain a comprehensive evaluation by a qualified mental health professional; admit that a psychiatrist was discussed as a qualified mental health professional; and deny all remaining allegations, statements, and inferences contained therein.

28. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the Complaint herein.

29. Deny all allegations, statements, and inferences contained in paragraph "29" of the Complaint herein.

30. Deny all allegations, statements, and inferences contained in paragraph "30" of the Complaint herein.

31. As to the allegations contained in paragraph "31" of the Complaint herein: admit that school cameras captured Raphael Cox defacing school property in January 2007; and deny all remaining allegations, statements, and inferences contained therein.

32. Admit the allegations contained in paragraph "32" of the Complaint herein.

33. Admit the allegations contained in paragraph "33" of the Complaint herein.

34. As to the allegations contained in paragraph "34" of the Complaint herein: admit that on April 19, 2007, Defendants learned about an essay which Raphael Cox authored and entitled, "Racing Time;" and deny all remaining allegations, statements, and inferences contained therein.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint herein.

36. As to the allegations contained in paragraph "36" of the Complaint herein: admit that Raphael Cox's teacher brought the essay to Mr. Kolesar's attention; and deny all remaining allegations, statements, and inferences contained therein.

37. As to the allegations contained in paragraph "37" of the Complaint herein: refer the Court to Raphael Cox's "Racing Time" essay for the true and complete content thereof; admit that the "Racing Time" essay made reference to, among other things, drinking various types of alcohol, becoming "fully intoxicated," smoking, saying illegal things, "doing acid and coke" and suicide by way of shooting; and deny all remaining allegations, statements, and inferences contained therein.

38. Admit the allegations contained in paragraph "38" of the Complaint herein.

39. As to the allegations contained in paragraph "39" of the Complaint herein: admit that Dr. Greenhall consulted with counsel; and deny all remaining allegations, statements, and inferences contained therein.

40. As to the allegations contained in paragraph "40" of the Complaint herein: admit that Dr. Greenhall consulted with counsel; and deny all remaining allegations, statements, and inferences contained therein.

41. Deny all allegations, statements, and inferences contained in paragraph "41" of the Complaint herein.

42. Deny all allegations, statements, and inferences contained in paragraph "42" of the Complaint herein.

43. As to the allegations contained in paragraph "43" of the Complaint herein: admit that School District Administrators are mandatory reporters pursuant to New York Social Services Law §419; admit that Mr. Kolesar communicated with, *inter alia*, Dr. Greenhall before fulfilling his legal obligation to contact Child Protective Services ("CPS"); admit that the intent and self-destructive content of Raphael Cox's "Racing Time" essay was one of numerous considerations that led Mr. Kolesar to contact CPS; and deny all remaining allegations, statements, and inferences contained therein.

44. As to the allegations contained in paragraph "44" of the Complaint herein: admit that Dr. Greenhall did not discourage Mr. Kolesar from discharging his responsibility to contact CPS in light of the months of non-responsiveness by Plaintiffs and the other alarming circumstances surrounding Raphael Cox as of April 20, 2007; and deny all remaining allegations, statements, and inferences contained therein.

45. As to the allegations contained in paragraph "45" of the Complaint: admit that as a mandatory reporter, the CPS hotline was called; and deny all remaining allegations, statements, and inferences contained therein.

46. Deny all allegations, statements, and inferences contained in paragraph "46" of the Complaint herein.

47. Deny all allegations, statements, and inferences contained in paragraph "47" of the Complaint herein.

48. As to the allegations contained in paragraph "48" of the Complaint herein: admit that Mr. Kolesar discussed the issues of concern directly with Raphael Cox, during which Raphael Cox clarified that his gun reference was to his favorite type of gun called a "Ruger" which Raphael Cox stated was also Hitler's favorite type of gun; and deny all remaining allegations, statements, and inferences contained therein.

49. As to the allegations contained in paragraph "49" of the Complaint herein: admit that Raphael Cox did not expressly share with Mr. Kolesar a specific homicidal or suicidal plan, but did confirm his essay and acknowledge to Mr. Kolesar the alarming nature of his essay; and deny all remaining allegations, statements, and inferences contained therein.

50. As to the allegations contained in paragraph "50" of the Complaint herein: admit that Raphael Cox attended in-school suspension with other students for a portion of the afternoon on April 19, 2007; and deny all remaining allegations, statements, and inferences contained therein.

51. As to the allegations contained in paragraph "51" of the Complaint herein: admit that Raphael Cox attended school on April 20, 2007; and deny all remaining allegations, statements, and inferences contained therein.

52. As to the allegations contained in paragraph "52" of the Complaint herein: admit that Mr. Kolesar received an email from Plaintiff Cox on April 20, 2007; refer the Court to the

email for the true content of same; and deny all remaining allegations, statements, and inferences contained therein.

53. As to the allegations contained in paragraph "53" of the Complaint herein: admit that Mr. Kolesar spoke with Plaintiff Peng on April 20, 2007; admit that WVCSD staff continually made resources available to Raphael Cox and Plaintiffs, including the services of the Guidance Counselor; and deny all remaining allegations, statements, and inferences contained therein.

54. As to the allegations contained in paragraph "54" of the Complaint herein: admit that Mr. Kolesar discussed a meeting with Plaintiff and Raphael Cox on Monday, April 23, 2007; Defendants note that Raphael was absent from school on such date; and deny all remaining allegations, statements, and inferences contained therein.

55. As to the allegations contained in paragraph "55" of the Complaint herein: admit that Plaintiff Peng denied certain behaviors of Raphael Cox; and deny all remaining allegations, statements, and inferences contained therein.

56. As to the allegations contained in paragraph "56" of the Complaint herein: admit that Mr. Kolesar fulfilled his responsibility of contacting CPS on the morning of April 20, 2007 and before speaking telephonically with Plaintiff Peng; and deny all remaining allegations, statements, and inferences contained therein.

57. Deny all allegations, statements, and inferences contained in paragraph "57" of the Complaint herein.

58. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "58" of the Complaint herein.

59. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "59" of the Complaint herein.

60. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "60" of the Complaint herein.

61. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "61" of the Complaint herein.

62. Admit the allegations contained in paragraph "62" of the Complaint herein.

63. Deny all allegations, statements, and inferences contained in paragraph "63" of the Complaint herein.

64. Deny all allegations, statements, and inferences contained in paragraph "64" of the Complaint herein.

65. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "65" of the Complaint herein.

66. Deny all allegations, statements, and inferences contained in paragraph "66" of the Complaint herein.

67. Deny all allegations, statements, and inferences contained in paragraph "67" of the Complaint herein.

68. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "68" of the Complaint herein.

69. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "69" of the Complaint herein.

70. As to the allegations contained in paragraph "70" of the Complaint herein: admit that a recommendation for a psychiatric evaluation of Raphael Cox was made by, *inter alia,* CPS; and deny all remaining allegations, statements, and inferences contained therein.

71. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "71" of the Complaint herein.

72. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "72" of the Complaint herein.

73. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "73" of the Complaint herein.

74. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "74" of the Complaint herein.

75. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "75" of the Complaint herein.

76. Deny all allegations, statements, and inferences contained in paragraph "76" of the Complaint herein.

77. Deny all allegations, statements, and inferences contained in paragraph "77" of the Complaint herein.

78. Deny all allegations, statements, and inferences contained in paragraph "78" of the Complaint herein.

79. Deny all allegations, statements, and inferences contained in paragraph "79" of the Complaint herein.

80. As to the allegations contained in paragraph "80" of the Complaint herein: admit that on or about April 23, 2007 Mr. Kolesar received a request from Plaintiffs for home tutoring; admit that as a part of this application, Plaintiffs included a letter from Dr. Jay H. Joerger Ed.D. which indicate, *inter alia,* that Raphael Cox was under his care and would benefit from home tutoring; and deny all remaining allegations, statements, and inferences contained therein.

81. Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "81" of the Complaint herein.

82. Deny all allegations, statements, and inferences contained in paragraph "82" of the Complaint herein.

83. Deny all allegations, statements, and inferences contained in paragraph "83" of the Complaint herein.

84. Deny all allegations, statements, and inferences contained in paragraph "84" of the Complaint herein.

85. As to the allegations contained in or incorporated into paragraph "85" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "84" of the Complaint.

86. Deny all allegations, statements, and inferences contained in paragraph "86" of the Complaint herein.

87. Deny all allegations, statements, and inferences contained in paragraph "87" of the Complaint herein.

88. Deny all allegations, statements, and inferences contained in paragraph "88" of the Complaint herein.

89. Deny all allegations, statements, and inferences contained in paragraph "89" of the Complaint herein.

90. Deny all allegations, claims, statements, prayers for relief, and inferences contained in the "WHEREFORE paragraph" of the Complaint herein, including subparagraphs "a" through "e" thereunder.

91. Deny any and all other allegations, statements, and inferences contained in the Complaint herein, which are not specifically addressed by the foregoing paragraphs and refer all questions of law not specifically addressed by the foregoing paragraphs to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

92. Some or all of the allegations contained in the Complaint herein fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

93. Plaintiffs have failed to mitigate their damages, if any.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

94. The actions of the Defendants, if any, were made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

95. Defendants have not deprived Plaintiffs of any rights, privileges, or immunities secured under the Constitution or the Laws of the United States.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

96. Plaintiffs' claims must be dismissed as against all or some of the Defendants under the doctrine of qualified immunity in that the actions of Defendants Greenhall, Kolesar and Girardi, if any, were discretionary and made in good faith.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

97. All damages suffered by Plaintiffs, if any, were caused in whole or in part by Plaintiffs' culpable conduct and/or omissions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

98. Plaintiffs' claims are barred in whole or in part by their failure to satisfy conditions precedent to commencing the instant action and/or their failure to exhaust administrative remedies.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

99. Any harm which came, or may come to Plaintiffs, was the direct and proximate result of Plaintiffs' own actions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

100. There is no legal and/or factual basis for some or all of the relief requested in the Complaint herein.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

101. At all times relevant hereto, Defendants treated Plaintiffs in a lawful and non-discriminatory manner, and its actions with respect to Raphael Cox were at all times legally privileged and justified and all educational decisions related to Raphael Cox were based on legitimate, non-discriminatory reasons.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

102. Defendants are mandatory reporters under Social Services Law §419 and as such, are immune from suit.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and for such other and further relief as to this Court may seem just and proper.

Dated: January 11, 2008

                                                GIRVIN & FERLAZZO, P.C.

                                                By: _____
                                                         Gregg T. Johnson
                                                         Bar Roll No.: GJ3348
                                                Attorneys for Defendants
                                                Office and P.O. Address
                                                20 Corporate Woods Blvd.
                                                Albany, New York 12211
                                                Tel:     518-462-0300
                                                Fax:    518-462-5037
                                                Email: gtj@girvinlaw.com

TO:     Michael H. Sussman
          Bar Roll No.: MS3497
          Sussman Law Offices
          40 Park Place - P.O. Box 1005
          Goshen, New York   10924
          Tel:     845-294-3991
          Fax:    845-294-1623
          Email: sussman1@frontiernet.net